UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

PEDRO MCDONALD                :        CIVIL ACTION NO. 2:13-cv-905

VERSUS                        :        JUDGE MINALDI

WARDEN, FEDERAL DETENTION     :        MAGISTRATE JUDGE KAY
CENTER OAKDALE


## REPORT AND RECOMMENATON

Before the court is the application for writ of habeas corpus by petitioner, Pedro

McDonald.  Petitioner is an immigration detainee housed at the Federal Detention Center in

Oakdale, Louisiana.  He challenges his 2003 conviction for Sexual Assault in the 4th Degree for

which he received a one year suspended sentence.  Petitioner did not appeal his conviction or

sentence.

Petitioner states that at some point "the Department of Homeland Security issued a

Notice to appear using the petitioner's conviction as a premise to have him administratively

removed . . . ."  Doc. 1, att. 1, p. 6.  Petitioner sought the assistance of an immigration attorney

and on or about July 19, 2012, counsel filed an application for writ of error *coram nobis* in the

state trial court wherein petitioner was convicted.  That application was denied on September 10,

2012.  Doc. 1, p. 3.

Federal courts have jurisdiction to consider an application for writ of habeas corpus "on

behalf of a person in custody pursuant to the judgment of a state court only on the ground that he

is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

§ 2254(a).  While actual physical detention is not required, there must be some restraint on the

liberty of a person to be "in custody."  *Maleng v. Cook*, 490 U.S. 488, 491 (1989).  Generally, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."  *Id.* at 492.

Petitioner is not currently in custody pursuant to a judgment of a state court but is instead in federal custody awaiting removal.  The sentence on the 2003 conviction has been fully served. It is irrelevant that petitioner now faces deportation directly or indirectly as a result of his prior conviction.

Even if the court had jurisdiction to review this petition, petitioner's claims would nevertheless be subject to dismissal as they are clearly time-barred.   Federal law imposes a one year limitation period following judgment within which a person in state custody may seek federal habeas review.  28 U.S.C. § 2254(d)(1)(A).  This limitation period generally runs from the date that the conviction becomes final.   Judgment was entered on or about April 27, 2003. Petitioner did not appeal his conviction so the judgment became final at the expiration of the time for seeking further direct review, which was on or about May 27, 2003.  *See* Ark. R. Crim. P. 36(b).  The one year window for seeking federal habeas relief lapsed one year later, on or about May 27, 2004.

Petitioner does not satisfy the "in custody" requirement, and his application is also time-barred.  Accordingly, IT IS RECOMMENDED that the instant application for a writ of habeas corpus be DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court.  Failure to file written objections to the

proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 27th day of August, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

4